[Davis v. Densmore, et al.]

# Davis *v.* Densmore, *et al.*

### Forcible Entry.

(Decided June 3, 1915.   Rehearing denied June 30, 1915.
69 South. 581.)

*Forcible Entry and Detainer; Judgment; Sufficiency.*—A judgment in an action for forcible entry and detainer for recovery of a certain 40 acres described, or for that part thereof entered by defendant and described by metes and bounds, not specifying whether the 40, or only a part theerof was to be recovered, was void for uncertainty.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by G. W. Densmore and others, against D. J. Davis, in forcible entry and detainer.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

HARSH & FITTS, for appellant.

W. K. TERRY, and W. T. STEWART, for appellee.

MAYFIELD, J.—This is an action of forcible entry and unlawful detainer, brought by appellees against appellant.   The trial resulted in a verdict and judgment for the plaintiffs, and defendant appeals.

The judgment must be reversed, because the complaint, and the verdict, which was for the lands sued for, are void for uncertainty.   The court could not enter a proper judgment, for the reason that the judgment must of course follow and be based upon the verdict; and if the judgment should follow the complaint and the verdict, the sheriff could not put the plaintiffs in possession and be sure that the lands were those as to

which the jury found for the plaintiffs. The complaint on which the trial was had was as follows: "Plaintiff sues to recover the following tract of land, to wit: The N. E. ¼ of the S. E. ¼, section 17, township 16, range 3 west, or its possession, or for the possession of that part of the above-described property of which the defendant, D. J. Davis, has forcibly entered and now unlawfully detains, which part forms a triangle of 16 feet on the west side of the N. E. ¼ of the S. E. ¼ of section 17, township 18, range 3 west, which said strip of land is described as follows, to wit: Beginning on the N. W. corner of the N. E. ¼ of the S. E. ¼, and running at an agle, to wit, of forty-five minutes south of the true line of the north boundary of the said 40, to a point supposed to be in the section line between sections 16 and 17 in the said township and range, thence north 16 feet of the true line, or the line between the said N. E. ¼ of the S. E. ¼ and the S. E. ¼ of the N. E. ¼ of said section, thence back to the point of beginning, situate in Jefferson county, of which the plaintiffs were in possession and upon which, pending such possession, and before the commencement of this suit, the defendant, D. J. Davis, forcibly entered and now unlawfully detains."

The verdict was "for the property sued for." The judgment was as follows: "It is ordered and adjudged by the court that the plaintiffs have and recover of the defendant the property for which they sue and as described in the complaint, as follows, to wit: N. E. ¼ of the S. E. ¼ of section 17, township 16, range 3 west, or its possession, or for the possession of that part of the property above described of which the defendant, D. J. Davis, has forcibly entered and unlawfully detains, about sixteen feet of the north side of the above-de-

[Davis v. Densmore, et al.]

scribed property, that being the property for which the plaintiffs sue, so assessed by the jury, as aforesaid, for which let writ of possession issue."

This description was unsuccessfully assailed by appropriate demurrer to the complaint, and by motion to set aside the verdict because void for uncertainty, and also by motion to set aside the judgment because void for uncertainty. The court was in error in each of these rulings adverse to the defendant. The complaint, verdict, and judgment proclaim their own uncertainty as to the identity of the land sued for. Is it the whole of the N. E. ¼ of the S. E. ¼, section 17, township 16, range 3 west, or is it only a part of such 40? The complaint, verdict, and judgment say it is one or the other, but do not say which of the two. If it be one or the other, and not both, then it is not sufficient, if the part of the 40 were particularly described so as to make it certain. If the jury had found for one or the other, this uncertainty would have been cured; but they found for the property just as it was described. The trial court, nor this court, cannot know whether the jury found for the whole of the 40 or for the part only.

We do not mean to hold that the part of the 40 in question, or the fraction thereof described as a triangle, was sufficiently described so that it could be located, because it is not necessary; but we feel impelled to say that it could and should be described with more accuracy, so that it could be located if the jury should find for the plaintiffs as to the triangle in question.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.